<u>GENERAL ORDER No 61</u>

<u>IMMIGRATION MANDAMUS CASES</u>

In any civil action seeking a writ of mandamus regarding immigration benefits, filed pursuant to the mandamus statute, 28 USC § 1361, and/or the Administrative Procedure Act, 5 USC §§ 701 *et seq*, the court **ORDERS**, pursuant to Federal Rule of Civil Procedure 16, that the following shall apply:

1. Plaintiff shall identify each such action as an "IMMIGRATION MANDAMUS CASE" in the case caption on the first page of the complaint.

2. The clerk's office shall file in each such action a procedural order which specifies that (a) the defendant shall serve and file an answer within 60 days of receipt of service of the summons and complaint; (b) subject to sub-paragraph (c), the plaintiff may file a motion for summary judgment at any time permitted by the Federal Rules of Civil Procedure and this court's local rules, in which event defendant may respond as permitted by the Federal Rules of Civil Procedure and this court's local rules; (c) if the plaintiff has not filed a motion for summary judgment within 90 days of filing the complaint, the defendant shall be the party who shall first file a motion for summary judgment, and the defendant must serve and file that motion within 120 days of service of the complaint; (d) unless a motion pursuant to Federal Rule of Civil Procedure 56(f) is filed, the plaintiff shall serve and file any opposition and/or counter-motion within 30 days of service of defendant's motion; (e) defendant may serve and file a reply and/or opposition within 14 days of service of plaintiff's opposition or counter-motion; and (f) if plaintiff filed a counter-motion, plaintiff may serve and file a reply within 14 days of service of defendant's opposition.

3. For scheduling purposes, motions shall be noticed in accordance with Civil Local Rule 7-2. If a party wishes to have the court decide the matter on the briefs and without oral argument, a party may make that request pursuant to Civil Local Rule 7-1(b).

4. Unless the court orders otherwise, no case management conference will be held, and no ADR process is required.

5. Any party who wishes to have a case management conference, pursuant to Civil Local Rule 16-10, may request that the court set a case management conference, consistent with the time frame set forth in Civil Local Rule 16-2. The rules set forth under Federal Rule of Civil Procedure 26 and Civil Local Rules 16-9 and 16-10 shall apply.

6. The court on its own motion or on the joint request of the parties may waive any requirement of this order.

ADOPTED: June 17, 2008                    FOR THE COURT:

_____
Vaughn R Walker
United States District Chief Judge